UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:11-cr-550-T-33TBM

RONALD JOHN HEROMIN
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Ronald John Heromin's Motion for New Trial (Doc. # 245), filed on April 30, 2014. The Government filed a Response in Opposition thereto on May 27, 2014. (Doc. # 249). For the reasons stated below, Heromin's Motion is denied.

I.  **Background**

The Government's October 26, 2011, Indictment contained one count against Heromin for distributing controlled substances, primarily Oxycodone and Alprazolam, not for a legitimate medical purpose and not in the usual course of professional conduct. (Doc. # 1). The Indictment also contained a forfeiture count.

A jury trial began on March 31, 2014, and ended on April 17, 2014. On April 14, 2014, Heromin made an oral motion for judgment of acquittal (Doc. # 228), and thereafter, filed a motion for judgment of acquittal and a motion for declaration

of mistrial on April 15, 2014 (Doc. ## 230, 231). This Court denied Heromin's motion for judgment of acquittal and motion for declaration of mistrial, and denied as moot Heromin's oral motion for judgment of acquittal. (Doc. # 234). On April 16, 2014, Heromin made a renewed oral motion for judgment of acquittal (Doc. # 235), which this Court denied (Doc. # 236).

On April 17, 2014, the jury found Heromin guilty as to Count One of the Indictment. (Doc. # 239). The Court set Heromin's sentencing for July 24, 2014. (Doc. # 243). By the present Motion, Heromin seeks a new trial pursuant to Federal Rule of Criminal Procedure 33.

## II. Legal Standard

A new trial pursuant to Federal Rule of Criminal Procedure 33 may be granted in the interests of justice or on the basis of newly discovered evidence. United States v. Ramos, 179 F.3d 1333, 1336 (11th Cir. 1999). A new trial may be granted in the interests of justice if the motion is filed "within 14 days after verdict or finding of guilty." In this case, the Motion was timely filed. Heromin has not asserted that the discovery of new evidence warrants a new trial. Accordingly, the Court will assess whether a new trial is warranted in the interests of justice.

A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court." <u>United States v. Martinez</u>, 763 F.2d 1297, 1312 (11th Cir. 1985). "If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." <u>Id.</u> (internal quotation marks omitted). The court may follow this course even if the evidence is legally sufficient to sustain the verdict. <u>Id.</u> However, the Eleventh Circuit has admonished that "[a] motion for new trial must be viewed with 'great caution.'" <u>United States v. Reed</u>, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting <u>United States v. Hall</u>, 854 F.2d 1269, 1271 (11th Cir. 1988)).

## III. **Analysis**

Heromin asserts that a new trial is warranted because this Court allowed the Government to present evidence in violation of Federal Rules of Evidence 403 and 404(b). (<u>See</u> Doc. # 245). Heromin further submits that there was juror misconduct by one or more jurors prior to deliberations, and this Court improperly questioned the jurors regarding this alleged misconduct. (<u>See</u> <u>id.</u>).

### A. **Testimonial Evidence**

3

In his Motion, Heromin argues that this Court improperly allowed the Government to elicit testimony from witnesses that constituted extrinsic and prejudicial evidence in violation of Federal Rule of Evidence 403 and 404(b). (Doc. # 245). Specifically, according to Heromin, the Government sought (1) testimony that Heromin used obscene language during meetings with his purported patients (id. at ¶ 3); (2) testimony that Heromin called a co-conspirator's wife a vulgar name during the course of the charged conspiracy (id. at ¶ 4); and (3) testimony by the Government's expert that there were potentially other criminal charges pending against other physicians referenced in the trial (id. at ¶ 5). Heromin submits that the above referenced testimony violates Rules 403 and 404(b) of the Federal Rules of Evidence as the offered testimony is highly prejudicial compared to any possible probative value. (Id. at ¶ 6). Furthermore, Heromin argues that "in closing argument, counsel for the [G]overnment argued evidence not properly admitted before the [C]ourt and jury that unfairly prejudiced [Heromin]." (Id. at ¶ 7).

In response, the Government argues that Heromin's "contention that the above described evidence was improperly admitted in violation of Fed. R. Evid. Rule 404(b) and 403, is baseless." (Doc. # 249 at 4). First, the Government

4

contends that testimony regarding Heromin's use of foul language during the course of his treatment of patients was "inextricably intertwined to the charged conduct in this case which involved the inappropriate and illegal prescribing of massive doses of controlled substances for no legitimate medical purpose and outside the usual course of [Heromin's] professional practice." (Id. at 5). Furthermore, the Government submits that testimony that Heromin called a co-conspirator's wife a vulgar name during the course of the charged conspiracy is "inextricably intertwined with the charged conduct as it was in response to her having complained about the manner in which [Heromin] was issuing prescriptions to patients outside the clinic in the parking lot." (Id. at 5-6).

Moreover, the Government posits that the expert testimony, on re-direct examination, was a "direct and fair comment in response to questions propounded by counsel for the defendant during cross examination insinuating that other physicians (yet to be charged) also had prescribed similar large quantities of controlled substances to the patients of the defendant. . . ." (Id. at 2-3). Finally, the Government contends that to the extent that the Government argued any of

the above during closing, it was a fair argument based on properly admitted evidence at trial. (Id. at 3).

In accordance with Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In United States v. Matthews, 431 F.3d 1296, 1310-11, (11th Cir. 2005), the Eleventh Circuit explained the test for admissibility of 404(b) evidence:

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

As it did during the trial, the Court again finds that each element is satisfied here. The above-mentioned testimony regarding Heromin's use of foul language is relevant to the

charged offense, not Heromin's character. Namely, the Government offered this testimony to demonstrate that Heromin – by using such language – did not prescribe the controlled substances for a legitimate medical purpose and within the usual course of Heromin's professional practice. Furthermore, the testimony the Government elicited from its expert witness on re-direct examination was within the scope of the questioning propounded on the witness during Heromin's cross-examination. In addition, after careful consideration of the arguments raised by Heromin at trial and in the present Motion regarding the prejudicial effect of the testimony, the Court finds that the testimony possesses probative value that is not substantially outweighed by its undue prejudice. The testimony is probative with regard to the specific offense charged in this case.

The Court notes that in his Motion Heromin makes a conclusory statement that, in its closing argument, the Government argued evidence not properly admitted before the Court and jury that unfairly prejudiced Heromin. (Doc. # 245 at ¶ 7). However, as Heromin fails to specify what evidence was argued by the Government, the Court cannot make a determination on whether it was unfairly prejudicial to Heromin. To the extent Heromin is referencing the above-

mentioned testimony, the Court has already found that the testimonial evidence was properly before the Court and the jury, and that the testimony possesses probative value that is not substantially outweighed by its undue prejudice to Heromin.

### B. Jury Misconduct

Heromin suggests that there was juror misconduct as one or more jurors, prior to deliberations, (1) made a joke or comment about one of the witnesses, (2) commented on the appearance of one of the non-witness participants to the trial, and (3) commented that there may have been a similar trial that occurred in Miami, Florida. (See Doc. # 245). Heromin further argues that this Court utilized the "incorrect process" to address the issue of juror misconduct. (Id.). Specifically, Heromin posits that the Court should have inquired only to the external event that occurred, the nature of the influence, and the manner in which it occurred; allowed the Government an opportunity to demonstrate the breach was harmless; and determined without further inquiry of the jurors whether there was no reasonable possibility the jury's verdict was influenced. (Id.).

According to Federal Rule of Evidence 606(b)(1):

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

Fed. R. Evid. 606(b)(1). However, there are exceptions to this rule. A juror may testify about whether: 1) extraneous prejudicial information was improperly brought to the jury's attention; 2) an outside influence was improperly brought to bear on any juror; or 3) a mistake was made in entering the verdict on the verdict form. Fed. R. Evid. 606(b)(2).

"In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is . . . deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties." United States v. Khanani, 502 F.3d 1281, 1291 (11th Cir. 2007)(quoting Remmer v. United States, 347 U.S. 227, 229 (1954)). A juror's exposure to extraneous material or influence requires a new trial if the exposure "poses a reasonable possibility of prejudice to the defendant." United

States v. Rowe, 906 F.2d 654, 656 (11th Cir. 1990) (emphasis and citations omitted).

For the presumption to be triggered, a defendant must establish that an extrinsic contact with a jury, in fact, occurred. United States v. Caporale, 806 F.2d 1487, 1503 (11th Cir. 1986) (citation omitted). After this showing is made, the burden shifts to the government to prove that the extrinsic contact was not prejudicial. Id. (citation omitted). "The factual determination of whether consideration of extrinsic evidence caused the defendant prejudice is committed to the trial court's 'large discretion.'" BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1472 (11th Cir. 1992) (citation omitted). The juror's testimony "that the extrinsic information was harmless is not controlling." United States v. Bolinger, 837 F.2d 436, 440 (11th Cir. 1988) (citation omitted). "The district court may consider such testimony, but it must also consider other factors such as the nature of the extrinsic evidence and the strength of the evidence properly presented by the government against the defendant." Id.

In Khanani, after the jury returned its verdict, a juror sent a note to the trial judge stating that during the trial, she had "locked eyes" with a stranger in the back of the

courtroom who she thought resembled the defendant. 502 F.3d 1287-88. The juror associated an "overwhelming presence of danger or evil" with the man. Id. at 1288. Initially, the juror indicated that she had not discussed the incident with fellow jurors; however, further investigation revealed that the juror had told one other juror of the incident on the day it took place. Id.

After receiving the juror's note, the district court conducted a hearing and questioned each juror regarding the impact of the juror's experience on their ability to resolve the case impartially and based on the evidence presented at trial. Id. at 1291. After conducting such an inquiry, the court determined that no reasonable possibility of prejudice existed, and denied the defendant's motion for a mistrial. Id. On appeal, the Eleventh Circuit determined that the district court's line of questioning was not an abuse of discretion, and "even assuming an extrinsic contact with a juror, in fact, occurred, it was not prejudicial." Id. at 1292.

In the present case, the Court was alerted by the alternate juror, after he was dismissed, that comments were made amongst several of the jurors regarding the trial or issues surrounding the trial. After the jury returned its

11

verdict, at the request of Heromin's counsel, this Court questioned each juror as to whether he or she had discussed the case with anyone before jury deliberations or whether he or she had heard – amongst other jurors – discussion regarding the trial prior to deliberations.  Those jurors who answered in the affirmative were called back for further inquiry. This additional questioning was limited to whether the statement the juror overheard impacted his or her ability to resolve this case impartially and based on the evidence presented at trial, which followed the questioning in Khanani, 502 F.3d at 1291. Each juror answered that the discussions had no impact on their ability to resolve this case impartially and based on the evidence presented at trial.  In light of the jurors' answers to the Court's questioning, and after considering the nature of the extrinsic evidence and strength of the evidence previously presented by the Government, the Court found that the alleged pre-deliberation discussions were not so prejudicial as to warrant a new trial.

Upon consideration of Heromin's arguments set forth in the present Motion, the Court stands by the process it utilized in questioning the jurors, which was in accordance with Eleventh Circuit precedent, and its decision that the alleged pre-deliberation discussions amongst some of the

12

jurors were not so prejudicial as to warrant a new trial. As a result, Heromin's Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ronald John Heromin's Motion for New Trial (Doc. # 245) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of June, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record