UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                    Case No.: 8:11-cr-550-T-33SPF

RONALD JOHN HEROMIN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Ronald John Heromin's pro se Motion for Compassionate Release, (Doc. # 433), filed on April 25, 2019. The Government responded on May 31, 2019. (Doc. # 445). For the reasons that follow, the Motion is denied.

**I. Background**

On July 24, 2014, Heromin, then age 56, was sentenced to 240 months of imprisonment and 36 months of supervised release for conspiring to distribute and dispense controlled substances not for a legitimate medical purpose in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 841(b)(2). (Doc. ## 271, 433 at 10). Heromin's projected release date is March 9, 2032. (Doc. # 433 at 10). The warden of FCC Butner denied his initial request for reduction of sentence on March 11, 2019, because he did not fall within the "terminal

1

category" for compassionate release based on a defendant's medical condition. (Id. at 16). Heromin waited 30 days after the warden's receipt of his initial request and then filed this Motion for Compassionate Release in accordance with 18 U.S.C. § 3582(c)(1)(A) of the First Step Act. (Id. at 2).

In his Motion, Heromin asserts that he falls within Section 3582's definition of "terminal condition," despite the contrary opinion of his medical provider, the Bureau of Prisons (BOP). (Id. at 3-5). Because he believes he falls within this category, Heromin requests that his sentence be reduced pursuant to the First Step Act. (Id. at 6).

**II. Discussion**

When seeking compassionate release in the district court, a defendant must first file an administrative request with the BOP and then either exhaust administrative appeals or wait thirty days after submitting his request to the BOP. See 18 U.S.C. § 3582(c)(1)(A)(i). In its response, the Government makes two arguments against Heromin's Motion: (1) that Heromin has not exhausted his administrative remedies and (2) that his Motion is insufficient on the merits to warrant compassionate release. (Doc. # 445 at 2-8). Because the Court agrees with the Government on the merits of the

Motion, the Court focuses on that aspect of Heromin's Motion for Compassionate Release.

The Motion is denied because Heromin does not fall within any of the categories described in Section 3582 or the Federal Sentencing Guidelines as eligible for compassionate release. The First Step Act maintains that the Court may modify a sentence upon finding that "extraordinary and compelling reasons" warrant the reduction of sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Guidelines clarify that "extraordinary and compelling reasons" include where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n1 (A)(ii). In addition, the First Step Act defines a terminal illness as "a disease or condition with end-of-life trajectory." 18 U.S.C. § 3582(d)(1).

In his Motion, Heromin argues that the BOP's judgment that his life expectancy was "indeterminate" should not disqualify him from the terminal illness classification of Section 3582. (Doc. # 433 at 3). He further argues that "[a] specific prognosis of life expectancy (i.e., a probability of

3

death within a specified time period) is not required." (Id.). True, the First Step Act does not require a specific prognosis of life expectancy; however, it also does not authorize defendants to self-diagnose their own medical conditions.

Heromin bears the burden of establishing that compassionate release is warranted. United States v. Hamilton, 715 F.3d 328, 327 (11th Cir. 2013). But the bulk of Heromin's Motion rests on his self-diagnosis — not upon the judgment of his medical provider. (Doc. ## 433 at 3-5, 445 at 6). Indeed, the warden's denial of Heromin's request notes that his medical provider not only refused to classify his condition as terminal, but stated that he is "capable of adequately performing at a sufficient level." (Doc. # 433 at 16).

The Sentencing Guidelines state that "extraordinary and compelling reasons" require not only a serious medical condition, but also the inability of the defendant to "provide self-care" within the correctional facility. U.S.S.G. § 1B1.13, cmt. n1 (A)(ii). Without his medical provider corroborating either of these requirements, Heromin has not shown a foundation for compassionate release based on his medical condition.

The Sentencing Guidelines also allow for compassionate release based on a defendant's age, family circumstances, or other extraordinary or compelling circumstances. U.S.S.G. § 1B1.13, cmt. n.1 (B)-(D). Heromin neither argues for compassionate release based on these categories nor does he satisfy the criteria for them, as the Government explains in its response. (Doc. # 445 at 7-8).

Although the Court sympathizes with Heromin's medical conditions, the lack of corroboration from his medical provider compels the Court in its decision. Therefore, for the reasons discussed herein and by the Government in its response, Heromin's Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED**:

Ronald John Heromin's pro se Motion for Compassionate Release (Doc. # 433) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of June, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE